```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC SCHREIBER,                      )
                                     )
             Petitioner,             )
                                     )
     vs.                             )  Civil Action No. 02-2134
                                     )
WILLIAM F. WARD, Chairman,           )
RICHARD A. KIPP,                     )
BENJAMIN A. MARTINEZ,                )
SEAN R. RYAN, BARBARA K. DESCHER,    )
GARY R. LUCHT, LLOYD A. WHITE,       )
MICHAEL M. WEBSTER, ALLEN CASTOR,    )
                                     )
             Defendants.             )
```

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the above-captioned habeas corpus case be dismissed for failure to prosecute.

II.  Report

The petitioner, Eric Schreiber, originally filed a civil rights suit challenging parole determinations, which this Court dismissed as barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). However, the Court granted petitioner the opportunity to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he did file.

In and around December of 2005, it appeared to the Court that petitioner was no longer in state custody and had not notified the Court of a current address as required by previous Order dated January 23, 2003. Accordingly, the Court issued an

Order to Show Cause was the case should not be dismissed for petitioner's failure to prosecute. The Order or rule was returnable on January 6, 2006. To date, petitioner has not responded to the Oder to Show Cause.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to petitioner's failure to comply with this Court's Orders and failure to notify the Court that he was no longer incarcerated which weigh heavily

against him.  Petitioner's failure to notify the Court of his change of address so that the Court could communicate with petitioner and his subsequent failure to respond to the Order to Show Cause was not only solely his personal responsibility but his failure to do so over one month later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by petitioner's failure to comply with this Court's Orders -- there appears to be no specific prejudice to defendant other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against petitioner, although it appears that defendant may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the petitioner filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  However, because he has failed to notify the Court of his change of address so that the case may go forward as evidenced by his failure to respond to the Order to Show Cause, it appears that the petitioner has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the instant habeas corpus action be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

  Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

              Respectfully submitted,

              <u>/s/ Amy Reynolds Hay</u>
              AMY REYNOLDS HAY
              United States Magistrate Judge

Dated:   9 February, 2006.

cc:  Hon. Alan N. Bloch
   United States District Judge

   Eric Schreiber
   AP-4902
   SRCF Mercer
   801 Butler Pike
   Mercer, PA 16137


   Office of the Attorney General
   6th Floor, Manor Complex
   564 Forbes Avenue
   Pittsburgh, PA 15219